Elissa D. Miller (CA Bar No. 120029)
  elissa.miller@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Sam S. Leslie, Chapter 7
Trustee of RAC Development, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>RAC Development, Inc.,<br><br>      Debtor.<br><br>Sam S. Leslie, Solely in his capacity of Chapter 7 Trustee of RAC Development, Inc.,<br><br>      Plaintiff,<br><br>    vs.<br><br>Snaidero Rino S.p.A., an Italian Corporation, and doing business as Snaidero America LLC and/or Snaidero USA,<br><br>      Defendant. | Case No. 2:24-bk-13735-DS<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFER,**<br>**(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER,**<br>**(3) RECOVERY OF AVOIDED TRANSFERS,**<br>**(4) PRESERVATION OF TRANSFERS; AND**<br>**(5) DISALLOWANCE OF CLAIMS**<br><br>**<u>Status Conference</u>**<br>Date:    To Be Set<br>Time:    To Be Set<br>Place:   255 East Temple Street<br>           Los Angeles, CA 90012 |

For his *Complaint For (1) Avoidance Of Intentional Fraudulent Transfer, (2) Avoidance Of Constructive Fraudulent Transfer, (3) Recovery of Avoided Transfers; (4) Preservation of Transfers; and (5) Disallowance Of Claims* ("<u>Complaint</u>"), plaintiff Sam S. Leslie, the chapter 7 trustee ("<u>Plaintiff</u>") for the bankruptcy estate ("<u>Estate</u>") of the debtor RAC Development, Inc. ("<u>Debtor</u>"), hereby alleges and avers against defendant Snaidero Rino S.p.A., an Italian Corporation, and doing business as Snaidero America LLC and/or Snaidero USA ("<u>Defendant</u>") as follows:

EDM 65725788v1

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O). This action is a proceeding arising in and/or related to the bankruptcy case of In RAC Development, Inc., bearing Case No. 2:24-bk-13735-DS (the "Bankruptcy Case"), which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court" or "Court").  Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.  Defendant is hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires defendants to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

2.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

3.      Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate"). Plaintiff brings this action solely in his capacity as the chapter 7 trustee.

4.      Plaintiff was appointed as the chapter 7 trustee after the filing of the Bankruptcy Case. As a result, Plaintiff may not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, to the extent that is the case, Plaintiff alleges all such facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against the above-captioned defendant, and to challenge, avoid, and/or recover transfers other than and in addition to those alleged in this Complaint.

5.      To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in

EDM 65725788v1                                    2

this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Snaidero Rino S.p.A. is an Italian corporation doing business in the state of California as Snaidero America LLC and/or Snaidero USA.

### RELEVANT BACKGROUND AND ALLEGATIONS

### COMMON TO ALL CLAIMS FOR RELIEF

7.     On May 13, 2024 (the "Petition Date"), an involuntary petition under Chapter 7, Title 11 of the Bankruptcy Code was filed by approximately 53 creditors (the "Petitioning Creditors") who claimed they were defrauded by the Debtor. On May 16, 2024, the Petitioning Creditors filed an Emergency Motion to Appoint an Interim Trustee [Dkt. No. 6] (the "Emergency Motion"). On May 22, 2024, the Court heard the Emergency Motion and on May 23, 2024, entered an Order Granting the Emergency Motion to Appoint an Interim Trustee. [Dkt. No. 37]  On May 24, 2024, Sam S. Leslie was appointed the Interim Trustee. On June 14, 2024, the Court entered the Order for relief [Dkt. No. 51] and the Trustee was reappointed [Dkt. No. 55] and continues to serve in that capacity since first appointed.

8.     The Trustee is informed and believes and thereon alleges that the Debtor was formed as a California corporation in or about May 2009, as a real estate investment company with its sole shareholder and manager from inception Tin Jon Syiau ("Syiau").

9.     Plaintiff is informed and believes and thereon alleges that in connection with its real estate investment business, the Debtor solicited investments from hundreds of investors primarily from the Chinese community who, Plaintiff is informed and has verified, invested many hundreds of millions of dollars.

10.     Plaintiff is further informed and believes and thereon alleges that from inception through January, 2019, the Debtor ceased making regular interest and principal

payments to its investors.  Instead, the Trustee is informed and believes, beginning on or about February 1, 2019, the Debtor began to use new investors funds to pay off existing investors who began demanding return of their investment.

11.   In other words, Plaintiff is informed and believes and thereon alleges that the Debtor became a Ponzi Scheme as of February 1, 2019, and continued as such until the Debtor's business came to a crushing halt after the investors began requesting and then demanding the return of funds and learned that not only was there no money remaining in the Debtor's accounts, and, that in large part, the investments were in phantom properties and other assets ("Ponzi Scheme Period").

12.   During the Ponzi Scheme Period and continuing until the Petition date, the Debtor engaged in the intentional fraudulent scheme described herein.

13.   With respect to Defendant, during the four-year period prior to the Petition Date, Debtor made one transfer to Defendant in the amount of $70,528.72 (the "Fraudulent Transfer").  See **Exhibit A** attached hereto.

14.   Plaintiff is further informed and believes and thereon alleges that The Fraudulent Transfer was made to Defendant on account of obligations incurred by and for the benefit of Syiau and his family and businesses, or for purposes otherwise unrelated, and/or providing no benefit, to the Debtor, its operations, or its creditors.

15.   Plaintiff is further informed and believes and thereon alleges that as the Fraudulent Transfer was  made on and after the Debtor became a Ponzi Scheme, The Fraudulent Transfer are deemed to be actual Fraudulent Transfer under the law.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

16.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 as though set forth in full.

17.   Plaintiff is informed and believes, and on that basis alleges thereon, that during the Debtor made the Fraudulent Transfer to or for the benefit of Defendant.

EDM 65725788v1                                   4

18.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Fraudulent Transfer was deemed to be made by the Debtor with actual intent to hinder, delay, or defraud any creditor of the Debtor as it was made during the Ponzi Scheme Period.

19.    Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Fraudulent Transfer was voidable under California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the Estate under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

20.    Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Fraudulent Transfer and recover the equivalent value of said Fraudulent Transfer for the benefit of the Estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

21.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 as though set forth in full.

22.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Fraudulent Transfer to or for the benefit of Defendant.

23.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Fraudulent Transfer (a) without receiving a reasonably equivalent value in exchange for the Fraudulent Transfer, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended

to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

24.    Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Fraudulent Transfer was  voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

25.    Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Fraudulent Transfer and recover the equivalent value of said Fraudulent Transfer for the benefit of the Estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

**THIRD CLAIM FOR RELIEF**

**(Recovery of Avoided Transfers or the Value Thereof Pursuant to**

**11 U.S.C. § 550(a))**

26.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 as though set forth in full.

27.    Each of the Fraudulent Transfer are transfers of the Debtor's property that should be avoided pursuant to California Civil Code §§ 3439.04(a)(1) and 3439.02(a)(2) and, based thereon, Plaintiff is entitled to avoid the Fraudulent Transfer, and each of them.

28.    Defendant is the Fraudulent Transferee (initial, immediate, mediate and/or otherwise) of the Fraudulent Transfer and/or the entity or person for whose benefit the Fraudulent Transfer was  made, within the meaning of 11 U.S.C. § 550(a).  Based thereon, Plaintiff is entitled to recover the Fraudulent Transfer, together with interest at the applicable rate from the date of the Fraudulent Transfer, for the benefit of the Estate.

## **FOURTH CLAIM FOR RELIEF**

### **(Preservation of Transfer Avoided Pursuant to 11 U.S.C. § 551)**

29.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 as though set forth in full.

30.    Pursuant to 11 U.S.C. § 551, the Fraudulent Transfer is preserved for the benefit of the Estate as each of the Fraudulent Transfer is avoidable under California Civil Code §§ 3439.04(a)(1) and 3439.02(a)(2) and 11 U.S.C. § 550 as set forth in this Complaint.

## **FIFTH CLAIM FOR RELIEF**

### **(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

31.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though set forth in full.

32.    Pursuant to 11 U.S.C. § 502(d), to the extent Defendant files, has filed, or otherwise asserts a claim in the Bankruptcy Case, as the term "claim" is defined by 11 U.S.C. § 101(10), Plaintiff requests that any such claim(s) be disallowed for Defendant's failure to return or repay the Fraudulent Transfer, or the value thereof.

## **RESERVATION OF RIGHTS**

33.    Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Fraudulent Transfer, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

34.    Plaintiff reserves the right to bring all other claims for relief that he may have against Defendant, on any and all grounds, as allowed under law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by Defendant.  Accordingly, Plaintiff

EDM 65725788v1

reserves the right to object, on any and all grounds, to any proof of claim filed by Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1.     For a judgment and/or order that the Fraudulent Transfer is avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE SECOND CLAIM FOR RELIEF**

2.     For a judgment and/or order that the Fraudulent Transfer is avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE THIRD CLAIM FOR RELIEF**

3.     For a judgment and/or order that Plaintiff is entitled to recover the Fraudulent Transfer, or the value thereof, from Defendant under 11 U.S.C. § 550;

**ON THE FOURTH CLAIM FOR RELIEF**

4.     For a judgment and/or order that Plaintiff is entitled to preserve the Fraudulent Transfer avoided under California Civil Code §§ 3439.04(a)(1) and 3439.04(a)(2) for the benefit of the Estate under 11 U.S.C. § 551;

**ON THE FIFTH CLAIM FOR RELIEF**

5.     For a judgment and/or order disallowing any claim(s) that Defendant may assert or has asserted against the Estate under 11 U.S.C. § 502(d);

**ON ALL CLAIMS FOR RELIEF**

6.     For interest in an amount authorized by law; and

7.     For such other and further relief as the Court deems just and proper.

DATED:  June 10, 2026            **GREENSPOON MARDER LLP**

By:      /s/ Elissa D. Miller
         Elissa D. Miller
         Attorneys for Sam S. Leslie, Chapter 7
         Trustee of RAC Development, Inc.

EDM 65725788v1                        8

# EXHIBIT A

Exhibit A

| Date | Num | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 11/06/2020 | | Snaidero USA | | $70,528.72 |
| | | Totals - 4 Year | $0.00 | $70,528.72 |
| | | Net Activity | | $70,528.72 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sam S. Leslie, solely in his capacity Chapter 7 Trustee of RAC Development, Inc. | **DEFENDANTS**<br>Snaidero Rino S.p.A., an Italian Corporation, and doing business as Snaidero America LLC and/or Snaidero USA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Elissa D. Miller (CA Bar No. 120029)<br> elissa.miller@gmlaw.com<br>**GREENSPOON MARDER LLP**<br>1875 Century Park East, Suite 1900<br>Los Angeles, California 90067<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☒ Trustee | ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**COMPLAINT FOR:**
**(1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFER,**
**(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER,**
**(3) RECOVERY OF AVOIDED TRANSFERS,**
**(4) PRESERVATION OF TRANSFERS; AND**
**(5) DISALLOWANCE OF CLAIMS**

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

| **FRBP 7001( 1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61 -Dischargeability- §523(a)(5 ), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☒ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001 (2) – Validity, Priority or Extent of Lien** | ☐ 6 5 -Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001( 3) – Approval of Sale of Property** | ☐ 71 -Injunctive relief- imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4 ) – Objection/ Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection/re vocation of discharge - §727(c),(d),(e) | ☐ 81 -Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91 -Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Deter mi nation of Removed Act ion** |
| ☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01 -Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.* |
| **(continued next column)** | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand: |
| Other Relief Sought | |

EDM 65756519v1

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAC DEVELOPMENT, INC. | BANKRUPTCY CASE NO.<br>Case No. 2:24-bk-13735-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Deborah Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ *Elissa D. Miller* | | |
| DATE<br><br>June 10, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Elissa D. Miller | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.